# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**BRETT HORTON,**

    **Plaintiff,**

**v.**                                        **CIVIL ACTION NO.** 2:12-1579

**MARRIOTT INTERNATIONAL INC.,**

    **Defendant.**

## NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

COMES NOW Defendant Marriott International, Inc. ("Marriott"), by and through counsel, and respectfully notifies this Court of the removal of the action of Plaintiff Brett Horton, currently pending in the Circuit Court of Kanawha County, West Virginia (the "Kanawha County Action") under Civil Action No. 12-C-786, to the United States District Court for the Southern District of West Virginia, Charleston Division, pursuant to 28 U.S.C. § 1441, et seq. This Notice is based upon the following grounds:

1.    Marriott is named as a Defendant in the above-referenced civil action that was filed on or about May 1, 2012. A true and correct copy of the Summons and Complaint are attached hereto as Exhibits A and B, respectively. These documents constitute the only process, pleadings, or orders that have been filed in this action.

2.    The West Virginia Secretary of State, which is Marriott's statutory attorney-in-fact, accepted service of process of Plaintiff's Summons and Complaint in the Kanawha County

Action on behalf of Marriott on May 3, 2012.  A copy of the Legal Notice received from the West Virginia Secretary of State is attached hereto as Exhibit C.

3. Removal is timely pursuant to 28 U.S.C. § 1446(b), as this Notice of Removal is filed within thirty (30) days of service of the Complaint on Marriott.

4. This Court has original jurisdiction over the Civil Action pursuant to 28 U.S.C. § 1332 and the Civil Action may be removed to this Court pursuant to 28 U.S.C. § 1441.  This Court has original jurisdiction under 28 U.S.C. § 1332(a), diversity of citizenship, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

5. Marriott is a Delaware corporation with its principal place of business in Maryland.  Plaintiff acknowledges that Marriott is a foreign corporation. [Exh. B. at ¶ 2.]

6. Plaintiff alleges that he is a West Virginia citizen.  [Exh. B at ¶ 1.]

7. Because Plaintiff is a citizen of West Virginia and Marriott is a citizen of both Delaware and Maryland pursuant to 28 U.S.C. § 1332(c)(1), there is complete diversity between the parties.

8. Title 28 U.S.C. § 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interests and costs.  To demonstrate that the jurisdictional amount has been met, a removing party must establish only that it is more likely than not that the amount in controversy exceeds $75,000.  See McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 489 (S.D.W. Va. 2001).

9. Plaintiff's Complaint does not specify the amount of actual damages that Plaintiff seeks.  Nonetheless, the total jurisdictional amount in controversy is met by this case.  Plaintiff's complaint alleges causes of actions for breach of contract, violations of the West Virginia

Human Rights Act, intentional infliction of emotional distress and retaliation. [Exh. B.] As damages for these various claims, Plaintiff asks for "reinstatement, back-pay, interest, future lost earnings, compensatory damages, punitive damages, attorney fee and costs and such equitable and legal relief the Court deems just and proper." [Exh. B.]

10. Plaintiff's employment was terminated in September 2010, more than eighteen (18) months before the filing of this complaint. [Exh. B. at ¶ 7.] As Plaintiff is seeking lost wages for this entire period, these amounts contribute to satisfying the amount in controversy requirement. Plaintiff also seeks "future lost earnings," those wages could well continue far into the future. In addition to economic damages, Plaintiff also seeks damages for emotional distress, which would be calculated on top of the amount due in lost wages.

11. Plaintiff has alleged a cause of action pursuant to the West Virginia Human Rights Act, W. Va. Code § 5-11-1, et seq. This statute authorizes the award of attorney's fees for a successful claim. W. Va. Code § 5-11-13(c). Courts may consider the potential value of attorney's fees when evaluating whether the amount in controversy requirement is met. See Virden v. Altria Group, Inc., 304 F. Supp. 2d 832 (N.D. W. Va. 2003) (citing Mo. State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933) for the proposition that "Attorney's fees are included in the calculation of the jurisdictional amount, however, only if they are specifically provided for in the state statute at issue").

12. Finally, Plaintiff seeks punitive damages. Courts may properly consider the existence of a claim for punitive damages in evaluating whether the amount in controversy has been satisfied. See McCoy, 147 F. Supp. 2d at 489; see also Judy v. J.K. Harris & Co., 2011 WL 4499316 at *7 (S.D. W. Va. Sept. 27, 2011). While the jurisdictional amount is easily established without recourse to punitive damages, the existence of this claim even more strongly

solidifies that Plaintiff is seeking more than $75,000 in damages. West Virginia courts have allowed that punitive damages could be awarded in a ratio as high as 5 to 1 as an "outer limit," see TXO Prod'n Corp. v. Alliance Res. Corp., 419 S.E.2d 870 (W. Va. 1992), a much lower ratio would provide damages more than sufficient to satisfy the jurisdictional amount.

13. Accordingly, this court has diversity jurisdiction over this Civil Action because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. This Court is the District Court embracing Kanawha County, where the Civil Action is currently pending. L.R. Civ. P. 77.02.

15. True and correct copies of this Notice of Removal with accompanying exhibits and a Notice of Removal of this Civil Action to Federal Court directed to the Circuit Court of Kanawha County, West Virginia, are being served upon Plaintiff's counsel and filed with the Clerk of that court, in accordance with the provisions of 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit D.

WHEREFORE, Defendant Marriott International, Inc. files this Notice of Removal so that the entire state court action under Civil Action No. 12-C-786 currently pending in the Circuit Court of Kanawha County, West Virginia shall be removed to this Court for all further proceedings.

Respectfully submitted,

**MARRIOTT INTERNATIONAL, INC.**

By SPILMAN THOMAS & BATTLE, PLLC

/s/ Eric W. Iskra
Eric W. Iskra (WV State Bar #6611)
Jennifer S. Greenlief (WV State Bar #11125)
300 Kanawha Boulevard, East (Zip 25301)
P.O. Box 273
Charleston, WV  25321-0273
304-340-3800

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**BRETT HORTON,**

    **Plaintiff,**

**v.**                                                             **CIVIL ACTION NO.** 2:12-1579

**MARRIOTT INTERNATIONAL
INC.,**

    **Defendant.**

## CERTIFICATE OF SERVICE

I, Eric W. Iskra, counsel for Marriott International, Inc., hereby certify that on the 18th day of May, 2012, I have electronically filed the foregoing **"Notice of Removal"** by using the CM/ECF system, which will automatically send notification of such filing to the following:

> Tom Price
> Holroyd & Yost
> 209 W. Washington St.
> Charleston, WV  25302

                                                            /s/ Eric W. Iskra
                                              Eric W. Iskra (WV State Bar #6611)