**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BRETT HORTON,

                Plaintiff,

v.                              CIVIL ACTION NO.  2:12-cv-01579

MARIOTT INTERNATIONAL, INC.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant's Motion to Dismiss Counts III and IV [Docket 5]. The plaintiff has filed a response, and the defendant has filed a reply. The motion is ripe for review. As discussed below, this motion is **GRANTED**. Counts III and IV of the Complaint are **DISMISSED**.

**I.    Background**

The plaintiff, Brett Horton ("Horton"), began working for the defendant, Marriott International, Inc. ("Marriott"), on May 24, 1989.[1] (Compl. ¶ 5). In September 2010, Marriott, acting through its agent and Horton's supervisor Christa Wilson ("Wilson"), terminated Horton's employment.

On May 1, 2012, Horton filed the instant Complaint against Marriott in the Circuit Court of Kanawha County, alleging four counts. Count I alleges that Marriott breached an employment contract with Horton by terminating him in violation of the provisions of an employee handbook.

---

[1] The Complaint alleges that the defendant operates a hotel in Charleston, West Virginia. (Compl. ¶ 4). Although not specifically alleged, it appears that the plaintiff was employed by the defendant at this particular hotel.

Count II alleges that Marriott violated the West Virginia Human Rights Act by terminating Horton because of his age. Count III alleges that Marriott, acting through its agent Wilson, intentionally inflicted emotional distress by terminating Horton in retaliation for informing Wilson's fiancé that Wilson was having an affair.[2] Count IV alleges that Wilson unlawfully retaliated against Horton when she terminated his employment, and that Marriott is liable for the acts of Wilson as its agent.

On May 18, 2012, Marriott removed the case to this court pursuant to diversity jurisdiction. On May 25, 2012, Marriott filed the instant motion to dismiss, seeking to dismiss Counts III and IV of the Complaint under Rule 12(b)(6).

## II.     Motion to Dismiss Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. As the Supreme Court recently reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's

---

[2]     The Complaint is unclear as to the reason that Horton alleges he was terminated. In Count II, Horton suggests that he was terminated because of his age. (Compl. ¶ 15). In Count III, Horton suggests that he was terminated because he informed Wilson's fiancé that Wilson was having an affair. (Compl. ¶ 22-24).

Additionally, the Complaint is unclear as to what factual basis Horton relies on for his claim for intentional infliction of emotional distress. In Count II, Horton alleges that he "suffered severe emotional distress" as a result of being terminated due to age discrimination. (Compl. ¶ 10-17). In Count III, Horton alleges that his termination by Wilson was "designed to retaliate against" him, and was "outrageous and purposefully implemented to inflict emotional distress" upon him. (Compl. ¶ 21-24). In his response to Marriott's motion to dismiss, Horton suggests yet another basis—"[Wilson] . . . arbitrarily terminat[ed] [Horton] without adhering to the contractual rights of [Horton] established by the employee handbook, *thus purposefully inflicting emotional distress upon [Horton]*." (Pl.'s Resp. to Def.'s Mot. to Dismiss Counts III and IV [Docket 7], at 2) (emphasis added).

2

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 556 U.S. at 677-78. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The *Iqbal* court suggested a two-pronged inquiry to determine if the complaint survives a motion to dismiss, which I will follow here. First, I will identify any pleadings that are not entitled to the assumption of truth because they are conclusory and unsupported by factual allegations. *See Iqbal*, 556 U.S. at 664. Where there are well-pleaded factual allegations, I will assume the veracity of those facts and then determine whether they plausibly give rise to a valid

3

claim for relief. *See id.*

## III.    Discussion

Under Count III, Marriott argues that Horton failed to plead any element of an intentional infliction of emotional distress claim, because the plaintiff's claim arises out of the reason he was terminated, and not because of the way he was terminated. Under Count IV, Marriott argues that Horton failed to plead the first element of a retaliation claim—that he engaged in protected activity. Horton's response first argues asserts that Horton pleads sufficient facts to allege the elements for a claim of intentional infliction of emotional distress. Specifically, Horton argues that the Complaint indicates that "[Wilson] inflicted as much pain upon [Horton] as possible. [Wilson] achieved her goal by arbitrarily terminating [Horton] without adhering to the contractual rights of [Horton] established by the employee handbook, thus purposefully inflcting emotional distress upon [Horton]." (Pl.'s Resp. to Def.'s Mot. to Dismiss Counts III and IV [Docket 7] at 1-2). Horton's response does not address Marriott's motion to dismiss the retaliation claim, Count IV. As discussed below, I **FIND** that Horton's Complaint with respect to Counts III and IV are conclusory and unsupported by factual allegations.

### A.    *Count III: Intentional Infliction of Emotional Distress*

For a plaintiff to prevail on a claim for intentional infliction of emotional distress, the plaintiff must establish four elements:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and; (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

4

*Travis v. Alcon Labs., Inc.*, 202 W. Va. 369, 375 (1998). The Complaint fails to allege any facts

pertaining to any of these four elements. Paragraphs 17 and 18 in Count II state, in conclusory

fashion, several elements of an intentional infliction of emotional distress claim:

> 17.    Plaintiff has suffered severe emotional distress, humiliation, and loss of
> enjoyment of life due to the discriminatory acts of Defendant.
>
> 18.    Defendant's actions were so egregious and were performed with such
> conscious disregard of Plaintiff's rights under the West Virginia Human
> Rights Act that Plaintiff is entitled to an award of full back-pay, front-pay,
> interest, plus punitive damages.

(Compl. ¶¶ 17-18). Count III, which incorporates the above allegations, states the factual basis

for Horton's intentional infliction of emotional distress claim:

> 21.    Plaintiff became aware that Christa Wilson [his supervisor] was engaged
> to be married.
>
> 22.    Plaintiff informed Ms. Wilson's fiancé that Ms. Wilson was having an
> affair with someone other than the fiancé during the engagement.
>
> 23.    Ms. Wilson, acting as an agent of Defendant and as a supervisor of
> Plaintiff, terminated Plaintiff from employment.
>
> 24.    Ms. Wilson's actions, as an agent of Defendant, and designed to retaliate
> against Plaintiff, were outrageous and purposefully implemented to inflict
> emotional distress upon Plaintiff.

(Compl. ¶¶ 21-24). These paragraphs make it plain that Horton has not pled sufficient factual

allegations to support his claim for intentional infliction of emotional distress. Horton's claim is

based off of his allegations regarding (1) breach of contract; (2) age discrimination; and (3)

retaliation from Wilson because he told Wilson's fiancé that Wilson was having an affair.[3]

Horton alleges no facts indicating that the way he was terminated was atrocious, intolerable,

extreme, or outrageous. Horton alleges no facts indicating that Wilson acted 'with the intent to

---

[3]    As discussed *supra*, note 2, the Complaint is unclear as to what factual basis Horton relies upon
for his claim of intentional inflction of emotional distress. Even taking all of his arguments together,
however, Horton has failed to allege any facts supporting his claim for intentional infliction of emotional
distress.

inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from [her] conduct." *Travis*, 202 W. Va. at 375. Horton alleges no facts supporting his conclusory statement that he suffered any emotional distress. Finally, Horton alleges no facts supporting his conclusory statement that the emotional distress he suffered was severe. Accordingly, I **FIND** that Horton has failed to state a plausible claim in Count III for intentional infliction of emotional distress, and that Count III must be **DISMISSED**.

> **B.**    *Count IV: Unlawful Retaliation*

For a plaintiff to prevail on a claim for unlawful retaliation, the plaintiff must establish four elements:

> (1) that the complainant engaged in protected activity; (2) that complainant's employer was aware of the protected activities, (3) that complainant was subsequently discharged and (absent other evidence tending to establish a retaliatory motivation), (4) that complainant's discharge followed his or her protected activities within such period of time that the court can infer retaliatory motivation.

*Conrad v. ARA Szabo*, 198 W. Va. 362 (1996). As Marriott asserts, and Horton does not argue otherwise, there is nothing in the Complaint that suggests that Horton engaged in any protected activity. I agree. The reason Horton gives for the alleged retaliation was that he told Wilson's fiancé that Wilson was having an affair. (Compl. ¶¶ 22-24, 26). Informing a supervisor's fiancé of an affair is simply not a protected activity, and Horton does not allege any other acts he engaged in that could be considered protected. Accordingly, I **FIND** that Horton has failed to state a plausible claim in Count IV for unlawful retaliation, and that Count IV must be **DISMISSED**.

**IV.    Conclusion**

Horton has failed to state a plausible claim in Count III for intentional infliction of emotional distress, and in Count IV for unlawful retaliation. The two claims are unsupported by any factual allegations, and accordingly, Defendant's Motion to Dismiss Counts III and IV is **GRANTED**. Counts III and IV of the Complaint are **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          January 30, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE